## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBIN GLACE, MARGARET      :
KINNAMON, SHERRY MCCANE and    :
DIXIE SEMANS,      :
     :
       **Plaintiffs,**      :
     :
       **v.**      :    C.A. No. _____
     :
**INTERNAL MEDICINE OF**      :
**BRIDGEVILLE, a sole proprietorship**    :
**operating in the State of Delaware, KENNETH**   :
**R. SMITH, M.D., individually as sole proprietor** :
**of Internal Medicine of Bridgeville,**      :    **Trial By Jury Demanded**
     :
       **Defendants.**      :

## COMPLAINT

1.      This is a case of gender discrimination arising from the creation of an

intimidating, hostile and offensive work environment, constructive discharge, and retaliation for

opposition to illegal employment practices under Title VII of the Civil Rights Act of 1964 and 19

Del. C. §710, et seq., wherein a physician's wife while employed by defendants propositioned,

touched the breasts of, licked the face of, constantly asked about the sexual orientation of,

fondled, pretended to hump, kissed on the mouth, and engaged in other extreme sexually

harassing behavior toward female employees including plaintiffs.

### I. JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§2000e et seq. ["Title VII"]; 42 U.S.C. §1981A; the Civil Rights Act

of 1991, Pub. L. No. 102-166, 105 Stat. 1071; 28 U.S.C. §§ 1331, 1337, 1343, 2201 and 2202.

This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 which

provides for supplemental jurisdiction.

3.      All conditions precedent to jurisdiction under Title VII and 19 Del. C. §710, et

seq., have occurred or have been complied with.  On or about November 3, 2004 , within 300

days of the commission of any unlawful employment practice, plaintiffs filed charges of

employment discrimination based upon gender harassment and discrimination with the Delaware

Department of Labor ("DDOL") and the Equal Employment Opportunity Commission

("EEOC").  The EEOC mailed right to sue letters to each plaintiff on September 28, 2006.

Plaintiffs have filed this Complaint in the Delaware District Court within 90 days of the receipt

of said right to sue letters.

4.      The unlawful employment practices and discrimination alleged herein were

committed within the State of Delaware.

## II. **THE PLAINTIFFS**

5.      Plaintiff Robin L. Glace is a citizen of the United States and a resident of

Delaware.  At all times material hereto plaintiff Glace was an employee of the defendants within

the meaning of Title VII and 19 Del. C. §710, et seq.  She began employment on or about May

27, 1997 as a Certified Medical Assistant and became Floor Supervisor/Team Leader.  At all

times she has been a diligent, honest and loyal employee who always performed her job in a

satisfactory manner.

6.      Plaintiff Margaret A. Kinnamon is a citizen of the United States and a resident of

Delaware.  At all times material hereto plaintiff Kinnamon was an employee of the defendants

within the meaning of Title VII and 19 Del. C. §710, et seq.  She began employment on or about

September 15, 2003 as a Medical Assistant/Receptionist and at all times has been a diligent,

2

honest and loyal employee who always performed her job in a satisfactory manner.

7.    Plaintiff Sherry McCane is a citizen of the United States and a resident of Delaware.  At all times material hereto plaintiff McCane was an employee of the defendants within the meaning of Title VII and 19 Del. C. §710, et seq.  She began employment on or about the end of July or early August, 2000 as a Receptionist and at all times has been a diligent, honest and loyal employee who always performed her job in a satisfactory manner.

8.    Plaintiff Dixie Semans is a citizen of the United States and a resident of Delaware.  At all times material hereto plaintiff Semans was an employee of the defendants within the meaning of Title VII and 19 Del. C. §710, et seq.  She began employment on or about July 7, 2003 as a File Clerk/Receptionist and at all times has been a diligent, honest and loyal employee who always performed her job in a satisfactory manner.

### III.  THE DEFENDANTS AND THEIR AGENT

9.    Defendant Internal Medicine of Bridgeville ("IMB") is a sole proprietorship doing business within the State of Delaware.  Through IMB, Dr. Smith engages in the private practice of internal medicine.

10.    Defendant Kenneth R. Smith, M.D. ("Dr. Smith") is a citizen of the United States and a resident of Delaware.  He is the primary care physician and sole owner of IMB.  He is included as a defendant in his capacity as an employer of the plaintiffs.  In early January of 2004, he terminated the employment of IMB's Business Manager, Janice Worrell. This happened two days after she complained about the harassing behavior of his wife, Suzanne Smith.  He took no steps to redress the abusive working conditions created by his wife.  He further exacerbated working conditions by promoting her to Business Manager, telling the staff that his wife would

3

remain Business Manager no matter what, and participating and engaging in her harassing behavior.

11.      Suzanne Smith ("Ms. Smith") is a citizen of the United States and a resident of Delaware. She is the wife of Dr. Smith. She has been employed by defendants for many years and eventually became the Business Manager. An admitted bisexual, she engaged in a plethora of sexually harassing conduct directed toward the female plaintiffs.

12.      At all times material hereto the defendants were acting as an employer within the governing statutes.

13.      The actions of defendants, defendants' agents and defendants' employees, were deliberately, intentionally, willfully, purposefully and knowingly done in violation of federal and state protected rights and because of the exercise of those rights. The defendants, defendants' agents and defendants' employees either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal and state rights. Their actions were outrageous and taken with evil motive, in bad faith, out of personal animus and without any reasonable grounds to support them. Their actions were wanton and malicious or taken with reckless indifference to federal and state protected rights.

## IV.  THE FACTS WITH REGARD TO THE SEXUAL HARASSMENT OF PLAINTIFF GLACE

14.      Plaintiff Glace was hired in May of 1997 by the defendants. She worked as a Certified Medical Assistant and became a Floor Manager/Team Leader in Bridgeville, Delaware. She was constructively discharged on September 9, 2004.

15.      The Smiths continually sexually harassed Glace without her consent on numerous

4

occasions including but not limited to the following:

a. In March of 2002 Ms. Smith asked Glace if she could kiss her lips and "give her some tongue."

b. In June of 2002 Dr. Smith took the banana Glace brought for lunch and displayed it in an offensive posture to mimic an erect penis.

c. In June of 2003 Ms. Smith again asked Glace if she could kiss her and give her some tongue.

d. In November 2003, Glace was asked by Dr. Smith to give Ms. Smith a flu shot. As Glace prepared to inject Ms. Smith, who was seated, Ms. Smith placed her hand on Glace's inner thigh, as high as her crotch. Ms. Smith grabbed her thigh and groped it in a massaging manner and said, "Oh, this feels good!"

e. In November 2003 Dr. Smith demonstrated with his thumb to illustrate the difference between a cheap OB/GYN check-up (using a thumb) and an expensive one (using a proper instrument).

f. In February 2004 Ms. Smith approached Glace from behind and wrapped her arms around Glace in a manner such that her arms were in close contact with Glace's breasts. She then kissed Glace passionately on the ear, and asked if Glace had lesbian tendencies.

g. In March 2004 Ms. Smith tried to sit in the same chair in which Glace was already seated. She slipped behind Glace and suggestively pressed her breasts into Glace's back.

h. In April 2004 Ms. Smith again asked Glace if she could kiss her and give her

some tongue.

    i.  In July 2004 as Glace was walking away from Ms. Smith, Ms. Smith remarked that Glace's "butt looked good."

    j.  Ms. Smith repeatedly told Glace, "When you work for me, I f***ing own you!"

    k.  Ms. Smith repeatedly propositioned Glace by asking "Are you comfortable with your sexuality?" and "Have you ever thought about being with another woman?"

    l.  Glace witnessed several other acts of sexual harassment including but not limited to the following:

        i.  On or about September 10, 2003, hearing Ms. Smith announce to Semans that she had "had the best sex ever" the night before with Dr. Smith.

        ii.  On or about January 20, 2004, seeing Ms. Smith wrap her arms around Seman's waist, and pressing her breasts into Seman's back.

        iii.  On or about February 1, 2004, hearing Ms. Smith say to Semans, "I wish we were both lesbians because you are the kind of woman I like."  She also then heard Ms. Smith ask Semans if she ever fantasized about Dr. Smith.

        iv.  On or about May 13, 2004, hearing Ms. Smith say to Semans, "You have luscious lips," and asking if she could kiss them.

        v.  Hearing Ms. Smith say to Semans, "I like working with you so much that it makes it easy for me to fart on you."  Glace then witnessed Ms. Smith back up and place her buttocks on Semans' arm, as Semans abruptly pulled away in disgust.

## V. THE FACTS WITH REGARD TO THE SEXUAL HARASSMENT OF PLAINTIFF KINNAMON

16.     Plaintiff Kinnamon was hired on or about September 15, 2003 by the defendants as a Medical Assistant/Receptionist in Bridgeville, Delaware.  She was constructively discharged on November 8, 2004.

17.     The Smiths continually sexually harassed Plaintiff Kinnamon without her consent on numerous occasions including but not limited to the following:

    a. In March 2004, Ms. Smith licked Kinnamon on the side of her face from the chin to eye level.  When Kinnamon recoiled in disgust, Ms. Smith laughed and asked her if she was secure with her sexuality.

    b. Ms. Smith repeatedly propositioned plaintiff Kinnamon by asking if she was comfortable with her sexuality.

    c. Plaintiff Kinnamon witnessed several other acts of sexual harassment as mentioned in this Complaint including but not limited to the following:

        i. Ms. Smith grabbing and groping plaintiff Glace's crotch;

        ii. Ms. Smith asking plaintiff Semans if she could lick her cheek; and

        iii. Ms. Smith asking if plaintiff Semans had lesbian tendencies.

## VI. THE FACTS WITH REGARD TO THE SEXUAL HARASSMENT OF PLAINTIFF MCCANE

18.     Plaintiff McCane was hired on or about the end of July/early August of 2000 by the defendants as a Receptionist in Bridgeville, Delaware.  She was constructively discharged on October 14, 2004.

19.     The Smiths continually sexually harassed Plaintiff McCane without her consent

on numerous occasions including but not limited to the following:

      a. On or about January 2, 2003 Ms. Smith held McCane's head in her hands and passionately kissed her on the mouth in front of co-workers.

      b. On or about February 1, 2003 Ms. Smith came up behind McCane and groped her right breast and said, "Oh, they *are* real, aren't they!"

      c. On or about January 2, 2004 Ms. Smith came up to McCane from behind and fondled both of her breasts.

      d. McCane would constantly attempt to avoid any contact with Ms. Smith for fear of constant physical contact by her.

      e. McCane was repeatedly asked by Ms. Smith whether she had lesbian tendencies.

      f. McCane witnessed several acts of sexual harassment as mentioned elsewhere in this Complaint including but not limited to the following:

            i. Ms. Smith embracing plaintiff Semans from behind and pressing her breast into Seman's back on or about January 20, 2004.

            ii. Ms. Smith telling plaintiff Semans she had luscious lips, and asking to kiss them.

            iii. Dr. Smith grabbing his penis through his pants and shaking it at plaintiff Semans.

            iv. Ms. Smith repeatedly asking other women in the office if they had lesbian tendencies.

8

## VII. <u>THE FACTS WITH REGARD TO THE SEXUAL HARASSMENT</u><br><u>OF PLAINTIFF SEMANS</u>

20.    Plaintiff Semans was hired on or about July 7, 2003 by the defendants as a File Clerk/Receptionist in Bridgeville, Delaware.  She was constructively discharged on July 16, 2004.

21.    The Smiths continually sexually harassed plaintiff Semans without her consent on numerous occasions including but not limited to the following:

a.  On or about September 10, 2003 Ms. Smith announced to plaintiff Semans that she had "the best sex ever" with Dr. Smith the night before.

b.  In November 2003 Dr. Smith demonstrated with his thumb to illustrate the difference between a cheap OB/GYN check-up (using a thumb) and an expensive one (using a proper instrument).

c.  On or about January 9, 2004 Ms. Smith bragged to Semans that she had grabbed plaintiff McCane's breasts on two different occasions, and she also bragged about kissing plaintiff McCane.

d.  On or about January 20, 2004 Ms. Smith came up behind plaintiff Semans while Semans was filing charts and put her arms around plaintiff Seman's waist.  Ms. Smith suggestively pressed her breasts into plaintiff Seman's back.  When plaintiff Semans exclaimed loudly that she did not want to be touched, Ms. Smith replied, "But you're so pretty."

e.  On or about February 1, 2004 Ms. Smith propositioned plaintiff Semans by stating "I wish we were both lesbians because you are the kind of woman I like."  She

9

also asked plaintiff Semans, "Have you ever fantasized about my husband?" She indicated it would be okay with her if Semans did fantasize about Dr. Smith.

f. In February 2004 Ms. Smith asked plaintiff Semans to come into the bathroom and hold the cup for her while she gave a urine specimen.

g. In February 2004 Ms. Smith asked plaintiff Semans if she could lick her cheek. She also asked plaintiff Semans if she had lesbian tendencies.

h. On or about May 13, 2004 Ms. Smith said to plaintiff Semans, "You sure do have luscious lips." She then asked if she could kiss them.

i. On or about June 16, 2004 Dr. Smith came up to plaintiff Semans as she was seated in her reception area, said good morning, then grabbed his penis through his pants and shook it at her.

j. On or about June 16, 2004 Ms. Smith approached plaintiff Semans, who was seated at her desk, and said, "I like working with you so much that it makes it easy for me to fart on you." Ms. Smith then backed up and placed her buttocks on Semans arm. Semans rose abruptly from her chair and walked away in disgust.

k. Ms. Smith repeatedly asked plaintiff Semans if she had lesbian tendencies.

l. Plaintiff Semans witnessed several other acts of sexual harassment as mentioned in this Complaint on dates including but not limited to:

i. Ms. Smith seating herself in the same chair as plaintiff Glace and pressing her breasts into Glace's back in March of 2004.

ii. Ms. Smith licking Margaret up the side of her face in March of 2004.

iii. Ms. Smith repeatedly asking other women who worked in the office if

10

they had lesbian tendencies.

## VII.  INSTANCES WHERE DEFENDANTS WERE PUT ON NOTICE

22.      On or about November 2003, after plaintiff Glace was grabbed and fondled in her crotch area by Ms. Smith, Glace complained to Dr. Smith about Ms. Smith's behavior.  Dr. Smith reacted by stating "You gotta know Suz, that's her way of being friends with people."

23.      In early January of 2004, Office Manager Janice Worrell complained to Dr. Smith on behalf of all of the plaintiffs, especially McCane, about Ms. Smith's inappropriate behavior. Later that day Dr. Smith called plaintiff McCane into his office.  She explained that Ms. Smith had on two occasions grabbed and groped her breasts, and that Ms. Smith had grabbed her head and kissed her on the face.  His only reaction was to say "O.K.".  He did not make any statements about remedying the situation, or make any apologies.  Within two days he fired Worrell.  Within approximately one week Dr. Smith promoted his wife to Office Manager.

24.      On or about May 13, 2004, Lynn Johnson, a medical assistant for another physician working in the practice, Dr. Romano, confronted Dr. Smith about his wife's behavior. She confided in him that the office staff could not go to him because Ms. Smith was his wife.  He admitted to Ms. Johnson that he "had no control" over his wife.

25.      On or about March 2004 Plaintiffs Glace and McCane, in fear of losing their jobs if they complained, approached Dr. Romano and asked her to intervene on their behalf.  Dr. Romano did not speak with Ms. Smith directly but rather spoke with Dr. Smith.  When she spoke with him, Dr. Smith's responded by saying it was "all in fun."  Dr. Romano repeated her concerns to Dr. Smith on several occasions, but she was ignored.

26.      On or about June 16, 2004 plaintiff Semans complained to Ms. Smith about Dr.

11

Smith grabbing his penis and shaking it at her. Ms. Smith responded by saying that she would have to talk to him. Dr. Smith overheard this conversation.

27.    On or about June 16, 2004 (later that same day) after Ms. Smith placed her buttocks on plaintiff Semans arm and announced she was going to "fart" on her, plaintiff Semans almost immediately complained to Dr. Smith. His response: "Oh that's just Suz."

## VIII.  FURTHER RETALIATORY ADVERSE ACTION AGAINST PLAINTIFFS

28.    In addition to the aforementioned adverse actions, plaintiffs also were subjected to the following actions:

a. Plaintiffs were pitted against one another by being told not to socialize with one another during breaks or outside of the office.

b. Ms. Smith often screamed at plaintiffs in full view of patients and humiliated them.

c. Ms. Smith did not allow plaintiff Semans to be excused from work immediately after Semans had surgery despite the fact that Semans' doctor had ordered her not to return to work.

d. Ms. Smith falsely accused plaintiff Semans of stealing a prescription after Dr. Smith had given her a prescription.

e. Ms. Smith threatened employees, for example: asking Plaintiff Glace to have a truck load of fertilizer based product delivered to another employee's driveway in an attempt to have her hospitalized.

f. Ms. Smith disciplined plaintiff Kinnamon when it was unwarranted.

12

## COUNT I - INTIMIDATING, HOSTILE OR OFFENSIVE WORK ENVIRONMENT

29.     Plaintiffs repeat and reallege paragraphs 1 - 28 set out above.

30.     Plaintiffs' workplace, at all times material hereto, was continually permeated with sexually discriminatory intimidation, insult and conduct which was so sufficiently severe and pervasive as to alter the conditions of plaintiffs' employment.

31.     A reasonable person would find these conditions to be objectionable.  Plaintiffs did not consent to the actions of Dr. Smith and Ms. Smith.  Defendants did not have an effective sexual harassment policy.

32.     As a direct and proximate result of the actions of defendants, defendants' employees and/or defendants' agents as detailed herein, plaintiffs suffered and are suffering emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of benefits, back pay, future economic loss, front pay, humiliation, embarrassment, and other injury and non-pecuniary losses.

33.     Additionally, IMB, its agents and employees engaged in the discriminatory practices with malice or with reckless indifference to plaintiff's federally protected rights, and defendants are liable for punitive damages.

34.     The actions of defendants, defendants' employees and/or defendants' agents created an intimidating, hostile or offensive work environment in violation of Title VII and 19 Del. C. §710, et seq.

## COUNT II - CONSTRUCTIVE DISCHARGE

35.     Plaintiffs repeat and reallege paragraphs 1 - 34 set out above.

36.     Defendants knowingly permitted conditions of discrimination in employment

which were so intolerable that a reasonable person subject to them would resign. The conditions were based on gender.

37.    Plaintiffs resigned.

38.    As a direct and proximate result of the actions of defendants, defendants' employees and/or defendants' agents as detailed herein, plaintiffs suffered and are suffering emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of benefits, back pay, future economic loss, front pay, humiliation, embarrassment, and other injury and non-pecuniary losses.

39.    Additionally, defendants, defendants' employees and/or defendants' agents engaged in the discriminatory practices with malice or with reckless indifference to plaintiffs' federally protected rights, and defendants are liable for punitive damages.

40.    The actions of defendants, defendants' employees and/or defendants' agents violated Title VII and  19 Del. C. §710, et seq.

## COUNT III - RETALIATION

41.    Plaintiffs repeat and reallege paragraphs 1 -40 set out above.

42.    Plaintiffs opposed unlawful sexual harassment.  Thereafter, plaintiffs were continually harassed and constructively discharged in retaliation for opposing unlawful sexual harassment and/or violations of Title VII and 19 Del. C. §710, et seq.

43.    As a direct and proximate result of the actions of defendants, defendants' employees and/or defendants' agents as detailed herein, plaintiffs suffered and are suffering emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of benefits, back pay, future economic loss, front pay, humiliation, embarrassment, and other injury

14

and non-pecuniary losses.

44.     Additionally, defendants, defendants' employees and/or defendants' agents engaged in the discriminatory practices with malice or with reckless indifference to plaintiffs' federally protected rights, and defendants are liable for punitive damages.

45.     The actions of defendants, defendants' employees and/or defendants' agents violated Title VII and 19 Del. C. §710, et seq.

**WHEREFORE,** plaintiffs pray that the Court:

(a)     Enter judgment against the defendants,

(b)     Enter a declaratory judgment declaring the acts of the defendants to be a violation of plaintiffs statutory rights.

(c)     Enter a judgment against the defendants for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of benefits, back pay, future economic loss, front pay, humiliation, embarrassment, and other injury and non-pecuniary losses.

(d)     Enter a judgment against the defendants for punitive damages.

(e)     Award plaintiffs costs, interest, and attorneys' fees for this suit.

(f)     Expunge plaintiffs' personnel files of any derogatory information relating to this matter.

(g)     Enjoin the defendants from retaliating against plaintiffs, now or in the future.

(h)     Require such other and further relief as the Court deems just and proper under the circumstances.

The Neuberger Firm, P.A.

*Thomas S. Neuberger*  by Martin D. Haverly, Esquire Bar No. 3295

**THOMAS S. NEUBERGER, ESQUIRE**
Bar No. 243
Two East 7th Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
tsn@NeubergerLaw.com


Martin D. Haverly, Attorney at Law

*Martin D. Haverly*

**MARTIN D. HAVERLY, ESQUIRE**
Bar No. 3295
Two East 7th Street, Suite 201
Wilmington, DE 19801
(302) 654-2255
Martin@HaverlyLaw.com

Attorneys for Plaintiffs.

Dated: December 15, 2006

%JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBIN GLACE, MARGARET KINNAMON, SHERRY MCCANE and DIXIE SEMANS | INTERNAL MEDICINE OF BRIDGEVILLE and KENNETH R. SMITH, M.D. |

**(b)** County of Residence of First Listed Plaintiff  _____Sussex_____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____Sussex_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

| | | Attorneys (If Known) |
|---|---|---|
| Thomas S. Neuberger | Martin D. Haverly | |
| Two East 7th Street, Suite 302 | Two East 7th Street, Suite 201 | |
| Wilmington, DE 19801 | Wilmington, DE 19801 | |
| (302)655-0852 | (302)654-2255 | |

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

X 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | | ☐ 895 Freedom of |
| | | | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | X 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

sexual harassment, constructive discharge, and retaliation case under Title VII of the Civil Rights Act and 19 Del. C. § 710, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  12/15/06

SIGNATURE OF ATTORNEY OF RECORD  *Martin D. Haverly*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.    0 6 - 7 6 7

## ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*



I HEREBY ACKNOWLEDGE RECEIPT OF _____3_____ COPIES OF AO FORM 85.

DEC 1 5 2006

_____
(Date forms issued)

*Ken M Van Oot*
_____
(Signature of Party or their Representative)

*Karen M. Van Oot*
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action