IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN GLACE, MARGARET KINNAMON, SHERRY MCCANE and DIXIE SEMANS,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL MEDICINE OF BRIDGEVILLE, a sole proprietorship operating in the State of Delaware, KENNETH R. SMITH, M.D., individually as sole proprietor of Internal Medicine of Bridgeville | C.A. NO.:06-767<br><br>Trial by Jury Demanded |

**FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF MARGARET KINNAMON BY DEFENDANTS' INTERNAL MEDICINE OF BRIDGEVILLE AND KENNETH R. SMITH, M.D.**

COMES NOW, Defendants, Internal Medicine of Bridgeville and Kenneth R. Smith M.D., by and through its attorneys, Liguori, Morris and Yiengst, and demands tha the Plaintiff answer, in writing, under oath, and within thirty days of the date of service the following questions:

### DEFINITIONS

A.   **"Document"** is used herein as that term is defined in Federal Rules of Civil Procedures, and includes all "drafts, (as that term is defined below).

B.   **Person(s)** as used herein means all natural persons, corporations, partnerships, professional associations, unincorporated associations, and all other business associations and any legal entities of any type.

C.   **"Drafts"** as used herein, refers to all initial and intermediate preparations

of any document requested herein, regardless of whether the contents thereof were actually incorporated into the final document.

D. **"Communication":** "Communication" means not only oral communications, but also any "document" (as defined in Paragraph A hereinabove), whether or not the document or the information it contains were transmitted by its author to any other person.

E. **"Miscellaneous":** The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the feminine gender includes the masculine and neuter genders; the neuter gender includes the masculine and feminine genders.

F. **"Identify," "Identity" or Identification":**

(1) When used to refer to a natural person, "Identify, " "Identity" or

(2) "identification" means to furnish the following information:

    a. his or her full name;

    b. his or her present or last known business and residential address;

    c. his or her present or last known business or professional affiliation; and

    d. his or her present or last known business or professional position (including his job title and a description of his job functions, duties and responsibilities).

2. When used in reference to an expert witness, in addition to the

information required in paragraph D (1) hereinabove, "identify," "identity" or "identification" means to furnish the following information:

    a.     A brief chronological resume of the witness' educational and professional background, including the associations and societies of which he is a member;

    b.     Identification of all documentary materials published by each expert within his field; and

    c.     Identification of all documents examined, prepared, requested or made by each expert with respect to the present case.

3.     When used in reference to any entity other than a natural person, please state:

    a.     Its full name;

    b.     The address of its principal place of business;

    c.     The jurisdiction under the laws of which it has been organized or incorporated, and the date of such organization or incorporation;

    d.     The identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

    e.     In the case of a corporation, the names of its directors and principal officers;

    f.     In the case of an entity other than a corporation, the identities of its partners or principals; and

    g.    If the entity has been dissolved or has ceased to exist, the date on which such dissolution occurred.

4.    When used in reference to a document, please state:

    a.    the nature of the document (i.e., letter, contract (memorandum) and any other information (i.e., its title, index or file numbers) which would facilitate the identification thereof;

    b.    its date of preparation;

    c.    its present location and the identity (as defined in paragraph D (1) above) of its present custodian or, if its present location and custodian are not known, a description of its last known disposition;

    d.    its subject matter and substance or, in lieu thereof, attachment of a legible copy or the document to the answers to these interrogatories;

    e.    the identity (as defined in paragraph D (1) above) of each persons who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or has any knowledge thereof, together with a description of each such person's function role or knowledge;

    f.    the identity (as defined in paragraph D (1) above) or defendants' source of all documents and, if the source is any governmental body, the identity (as defined in paragraph D (1)

above ) of the individual who furnished plaintiff with the document;

g.  if the document is no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined in paragraph D (1) above) of the persons responsible for the document no longer being in existence and its last known custodian; and

h.  whenever the identification of a document is requested and the document is on of a series of two or more pages or, in the case of magnetic tape, microfilm, printouts, etc. is contained in a portion thereof, include in the identification of said document the number of a particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in the interrogatory or in the answer thereto appears.

5.  When used in connection with an oral communication, please state:

a.  its general nature (i.e., conference, telephonic communication, etc.)

b.  the time and place of its occurrence;

c.  its subject matter and substance;

d.  the identity (as defined in paragraph D (1) above) of each person who performed any function or who had any role in connection therewith or who has any knowledge thereof, together

with a description of each person's function role or knowledge; and

e.   the identity (as defined in paragraph D (4) above) of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof.

G.   **"Describe" or Description":**

1.   when used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, occasion, plan, communication, conference, discussion, development, service, transaction, instance, incident or event, the terms "describe" and "description" mean to furnish the following information:

a.   its general nature;

b.   the time and place thereof;

c.   a chronological account setting forth each element thereof, what such element consisted of and what transpired as part thereof;

d.   the identity of each person who performed any function or who had any role in connection therewith (i.e., speaker, participant, contributor of information, witness, etc.) or who has any knowledge thereof, together with a description of each person's function, role or knowledge;

e.   the identity of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and

f.   the identity of each oral communication which was a part thereof or which referred thereto.

2. When used in connection with any audit, calculation or compilation, the terms "describe" and "description" mean to furnish the following information:

   a. an explanation of its meaning (including the nature, source and meaning of each component part thereof);

   b. an explanation of the manner in which it was derived;

   c. the identity (as defined in paragraph B (1) above) of each person who performed any function with respect thereto and a description of his function;

   d. the identity of each document (as defined in paragraph A above) which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and

   e. the identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

H. **"Factual Basis"**:   "Factual Basis" means:

   (1) Each item of information upon which the allegation, contention, claim or demand to which it pertains is based; and

   (2) With respect to each such item of information, each person having knowledge and each source thereof, including, but not limited to, each document, oral communication, act, action, activity, accounting, negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event,

etc., audit, calculation and computation, upon which plaintiffs rely with respect thereto.

I. **"Complaint":** "Complaint" means the Complaint filed in this action by Plaintiffs against Defendant.

J. **"Time Period":** Except where otherwise expressly stated, the information sought by these interrogatories is for the entire period from 2003 through the completion of trial of this case.

K. **"Claims of Privilege":** If any information or document responsive to any of the following interrogatories is being withheld based upon any claim of privilege, please list such document or information in a log and describe generally the material withheld, state the privilege or privileges being relied upon by Plaintiffs to withhold the production of each such document and identify all persons or entities who have had access to said matter.

L. **"Continuing Nature":** These interrogatories are continuing. If Plaintiffs are unable to answer any interrogatory fully at this time, such interrogatory is to be answered to the best of the answering person's ability. Any subsequently acquired information called for by these interrogatories is to be furnished immediately by Plaintiff through the conclusion of the trial of this case.

**Interrogatory No. 1.** IDENTIFY all PERSONS with knowledge of the facts alleged in the Complaint.

**ANSWER:**

**Interrogatory No. 2.** STATE the dates of your employment with Defendants.

**ANSWER:**

**Interrogatory No. 3.** STATE your education background and any other education, college, training, or other qualifications which may be relevant to your employment with Defendants.

**ANSWER:**

**Interrogatory No. 4.** DESCRIBE your employment history prior to your employment by Defendants, identify each position held, and specify for each position:

    a.    Type of work;

    b.    Duties;

    c.    Length of time in position;

    d.    Amount of salary or wages;

    e.    Details, dates, and reasons for any demotions, involuntary transfers, disciplinary actions;

    f.    Name, title, address, and telephone of your immediate supervisors;

        g.      Whether the job performance was satisfactory;

        h.      Awards, recognition of superior job performance;

        i.      Training received;

        j.      Reasons for leaving employer.

**ANSWER:**


**Interrogatory No. 5.** STATE whether you have ever filed a claim charging employment discrimination on the base of age, race, sex, national origin, religion, or disability other than the claim at issue in this case, and for each such claim state:

        a.  Date filed;

        b.  Parties named;

        c.  Description of the alleged discriminatory conduct;

        d.  Description of proceedings;

        e.  Outcome of proceedings;

**ANSWER:**

**Interrogatory No. 6.** Do you allege or contend that Defendants discriminated against you on the basis or your sex?

ANSWER:

**Interrogatory No. 7.** If your answer to the proceeding interrogatory is in the affirmative, please state as to each alleged act of discrimination:

    a. The date, time and place of each such act;

    b. The name, job title, and a detailed description of each agent or employee of the Defendants who were involved in any way in such acts;

    c. The detailed facts of each such agent or employee of the Defendants;

    d. The name and address of each person who was a witness to or was involved in any way in each such act;

    e. Detailed facts of the observations and knowledge of each such witness to each such act.

**ANSWER:**

**Interrogatory No. 8.** Do you allege or contend that you were subject to sexual harassment while employed with the Defendants?

**ANSWER:**

**Interrogatory No. 9:** Do you allege or contend the Defendants discriminated against you because you rejected his or her sexual advances, or the advances of Defendants agents or employees?

**ANSWER:**

**Interrogatory No. 10.**    If your answer to the proceeding interrogatory is in the affirmative, please state as to each occasion when you were subject to sexual harassment:

    a.    The date, time and place of each such sexual advance;

    b.    The name, job title and detailed description of each agent or employee of the Defendants who were involved in any way in such sexual advances;

    c.    The detailed facts if each such act, such agent or employees of Defendants;

    d.    The name and address of each person who was a witness to or was involved in any way in each such act;

   e. The detailed facts of the observations and knowledge of each such witness to each such act.

**ANSWER:**

**Interrogatory No. 11.** If you allege or contend that Defendants discriminated against you because you rejected sexual advances, please state as to each act of discrimination:

   a. The date, time and place of each such act;

   b. The name, job title, detailed description of each agent or employee of the Defendants who were involved in any way in each such act;

   c. Detailed facts of each such act of each such agent or employee of the Defendants;

   d. Name and address of each person who was a witness to or was involved in any way in each such act;

   e. Detailed facts of the observation and knowledge of each such witness to each such act;

   f. Describe Plaintiffs reaction to the alleged reaction, specifically identifying the time, and place of any statements, actions, or other means of communication by which Plaintiff

contends that Ron Messick was informed that Plaintiff did not welcome the conduct upon which the Plaintiffs claim is based.

**ANSWER:**

**Interrogatory No. 12**: State the names, addresses, telephone numbers of other employees who Plaintiffs claim were subjected to comparable harassment and designate the following:

    a.    Describe the harassment, specifying the persons involved, the date, time and place of each incident;

    b.    Whether Plaintiff is contending that the harassment of other employees created or contributed to the hostility of Plaintiffs work environment, and, if so, describe the effect of the alleged harassment on Plaintiff.

**ANSWER:**

**Interrogatory No. 13**. State whether Plaintiff contends that harassment affected Plaintiff's psychological well being, and, if so, describe the effect.

**ANSWER:**

**Interrogatory No. 14.**    State whether Plaintiff sought medical, psychological, psychiatric, or other treatments for the affects of the alleged harassment, and if so:

    a.    Describe the treatment;

    b.    State the dates on which treatment was received;

    c.    State the name and address of the practitioner who provided the treatment;

    d.    Describe the practitioner credentials and type of practice.

**ANSWER:**

**Interrogatory No. 15.**    State whether Plaintiff contends that harassment affected Plaintiff's work performance, and if so, describe the effect.

ANSWER:

**Interrogatory No. 16.**    State whether Plaintiff contends that any aspect of his or her employment was affected by or conditional on Plaintiff's willingness to tolerate harassment or hostile working environment and if so, describe the consequences the

Plaintiff believed followed from refusal to tolerate the alleged harassment and describe the basis for that belief.

**ANSWER:**

**Interrogatory No. 17.**   Describe the means by which Plaintiff contends Defendants influenced the decisions affecting Plaintiff's employment.

**ANSWER:**

**Interrogatory No. 18.**   Describe any tangible economic detriment which Plaintiff contends she suffered because of the alleged harassment or her refusal to tolerate it.

**ANSWER:**

**Interrogatory No. 19.**   Identify all the witnesses you intend to call at trial and provide a summary of their expected testimony.

**ANSWER:**

**Interrogatory No. 20.**   State whether you or any one acting on your behalf has obtained statements (written, recorded or oral) from any persons concerning the facts alleged in the pleadings.

**ANSWER:**

**Interrogatory No. 21.**   If so, as to each statement, state:

    a.   Whether it was written, recorded, or oral;

    b.   The date thereof;

    c.   The name and address of the person from whom obtained;

    d.   If written or recorded, name and address of each person who had possession of the original and all copies;

    e.   If oral, name and address of each person present when obtained;

    f.   If oral, whether it was in person or by telephone;

    g.   The subject matter thereof.

**ANSWER:**

**Interrogatory No. 22.**   Have you, your attorney, or any one else on your behalf, consulted with any person holding himself or herself up to be an expert or consultant in

any field with respect to any of the issues in this case, including any person employed by your attorneys to assist in the preparation of your case? If so:

    a.    The persons name and address, and field of expertise;

    b.    Date of first contact or consultation with him, and the name of each person contacting him/her on your behalf;

    c.    The dates of all subsequent contact or consultations with him/her and the name of each person contacting him/her on your behalf;

    d.    Whether any writings and/or reports were made by him/her;

    e.    The date of each such report, if any;

    f.    As to each such report, state whether it was written or oral;

    g.    As to each such report, state whether it was permitted pursuant to his/her employment in an advisory capacity, prospective witness capacity, or both;

    h.    The nature of the inquiry made by him/her in the subject matter investigated by him/her;

    i.    Whether you intend to call him/her as an expert witness at trial.

**ANSWER:**

**Interrogatory No. 23.**   Whether you now or have you ever suffered from any mental disease, deficit, or disorder? If yes, state the nature, treatment, and medical personnel with knowledge of the disease, deficit or disorder.

**ANSWER:**


**Interrogatory No. 24**.   Have you ever been arrested and/or convicted of any crime whatsoever? If yes, state the offense, date of occurrence, location, disposition of the case.

**ANSWER:**


**Interrogatory No. 25**.   Identify each and every person who participated in any way in responding to Plaintiff's discovery requests?

**ANSWER:**

Dated: March 27, 2007

By: /s/ James E. Liguori, Esquire
JAMES E. LIGUORI
Delaware Bar ID No. 415
46 The Green
Dover, Delaware 19901
jel_lmy@msn.com
(302) 678-9900

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN GLACE, MARGARET KINNAMON, SHERRY MCCANE and DIXIE SEMANS, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL MEDICINE OF BRIDGEVILLE, a sole proprietorship operating in the State of Delaware, KENNETH R. SMITH, M.D., individually as sole proprietor of Internal Medicine of Bridgeville | * * * * * * * * * * * * * <br><br> C.A. NO.:06-767 <br><br> Trial by Jury Demanded |

### CERTIFICATE OF SERVICE

This is to certify that the Plaintiff's First Set of Interrogatories Directed to Plaintiff Margaret Kinnamon were mailed to:

Martin D. Haverly, Esquire
Martin Duane Haverly, Attorney at Law
2 East 7th Street, Suite 302
Wilmington, DE 1980

via First-Class Mail on the 27th day of March, 2007.

Dated: March 27, 2007

By: /s/ James E. Liguori, Esquire
JAMES E. LIGUORI
Delaware Bar ID No. 415
46 The Green
Dover, Delaware 19901
jel_lmy@msn.com
(302) 678-9900