IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN GLACE, MARGARET KINNAMON, SHERRY MCCANE and DIXIE SEMANS, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL MEDICINE OF BRIDGEVILLE, a sole proprietorship operating in the State of Delaware, KENNETH R. SMITH, M.D., individually as sole proprietor of Internal Medicine of Bridgeville | * * * * * * * * * * * * * * <br><br> C.A. NO.:06-767 <br><br> Trial by Jury Demanded |

## DEFENDANTS' FIRST REQUEST FOR DOCUMENTS DIRECTED TO

## PLAINTIFF SHERRY MCCANE

Pursuant to Fed. R. Civ. Pro. 34, Defendants Internal Medicine of Bridgeville and Kenneth R. Smith, M.D. hereby requests that Plaintiff produce for inspection and copying at the offices of Liguori, Morris and Yiengst, 46 The Green, Dover, Delaware 19901, within 30 days after service of this request, the documents designated below.

### GENERAL INSTRUCTIONS

1. In responding to this request for production of documents, the responding party is requested to furnish all documents that are in its possession, custody or control, including information in the possession of its attorney or other persons directly or indirectly employed or retained by it, or connected with the responding party or its attorneys, or anyone else acting on its behalf or otherwise subject to its control.

2. If the responding party cannot respond to any document request in full, it should respond to the fullest extent possible, explain why it cannot respond to the remainder, and describe the nature of the documents that it cannot furnish.

3. The past tense shall be construed to include the present tense, and vice versa, to make the inclusive rather than exclusive.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meaning:

1. "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state, or local agency; notes; memoranda; letters; correspondence; telegrams, intraoffice or interoffice communications; circulars; bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounting; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips, receipts, expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or

video recordings; job or transaction files; appointment books; books; records, copies, extracts, and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

2. "Communication" or "communications" means any type of oral, written, or visual contact(s) between tow or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

3. "Person" or "persons" or "people" shall include both the singular, and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures, and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

4. "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

5. Any reference to "and" includes "or". Any reference to "or" includes "and". Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine or neuter.

6. IF any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

    a. The type of document;

      b.   The date upon which it ceased to exist;

      c.   The circumstances under which it ceases to exist;

      d.   The name, address, and telephone number of each person having knowledge of t he contents thereof.

7.   "You" or "your" refers to each plaintiff and/or his or her agents or representatives.

8.   "This case" refers to the action filed by plaintiffs against Internal Medicine of Bridgeville and Kenneth R. Smith M.D. in the United States District Court for the District of Delaware, captioned Robin Glace et al., v. Internal Medicine of Bridgeville and Kenneth R. Smith M.D.—C.A. 06-767.

## PRIVILEGED MATERIAL

For any documents withheld on privileged grounds, or any other grounds, please provide a written response with the following information.

1.   A description of the document sufficiently particular to identify it for purposes of a Court Order;

2.   The date of the document;

3.   The number of pages of the document;

4.   A list of all persons who participated in the preparation of the document;

5.   A list of all persons who have received or reviewed copies of the document;

6.   A list of all persons to whom the document was circulated, or its contents communicated; and

7.   The nature of the protection claimed.

## DOCUMENT REQUESTS

### REQUEST NO. 1

1. All documents identified in your responses to Defendants' First Set of Interrogatories Directed to Plaintiff.

**RESPONSE:**

### REQUEST NO. 2

2. All documents that refer or relate to any claims or defenses asserted by any party in this case.

**RESPONSE:**

### REQUEST NO. 3

3. All documents that support your claims or defenses in this case.

**RESPONSE:**

### REQUEST NO. 4

4. All documents that you consulted or relied upon in connection with your Complaint in this case.

**RESPONSE:**

### REQUEST NO. 5

5. All documents that you consulted or relied upon in connection with your responses to Defendants' First Set of Interrogatories Directed to Plaintiffs.

**RESPONSE:**

**REQUEST NO. 6**

6. Records or logs of alleged harassment/discrimination maintained by Plaintiff.

**RESPONSE:**

**REQUEST NO. 7**

7. All documents related to prior charges of employment discrimination.

**RESPONSE:**

**REQUEST NO. 8**

8. Pay stubs, tax returns, employee benefits manual or statements, or other documents reflecting Plaintiff's earning and benefits and employment obtained after separation from Defendants.

**RESPONSE:**

## REQUEST NO. 9

9. Copies of all written or recorded statements or summaries or resumes or interviews taken of any person with respect to any issue in this case, including, but not limited to, the Plaintiff or Plaintiff's agents, and the Defendants or the Defendants agents.

**RESPONSE:**

## REQUEST NO. 10

10. Copies of any reports by any person qualified as a expert containing opinions and/or facts on which opinions are based concerning any aspect of this litigation.

**RESPONSE:**

## REQUEST NO. 11

11. Copies of all reports of investigation, findings of fact, or results of inspections, observations, facts, or circumstances, or any other matter related to any aspect of this litigation.

**RESPONSE:**

## REQUEST NO. 12

12. Copies of any and all documents, writing, or papers which you intend to rely upon in any way at trial.

**RESPONSE:**

                                      **LIGUORI, MORRIS & YIENGST**

                                      /s/ **James E. Liguori**
                                      **JAMES E. LIGUORI, ESQUIRE**
                                      46 The Green
                                      Dover, DE  19901
                                      (302) 678-9900
                                      Bar ID 415
                                      jel_lmy@msn.com
                                      Attorney for Defendants

DATED: March 27, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN GLACE, MARGARET KINNAMON, SHERRY MCCANE and DIXIE SEMANS, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL MEDICINE OF BRIDGEVILLE, a sole proprietorship operating in the State of Delaware, KENNETH R. SMITH, M.D., individually as sole proprietor of Internal Medicine of Bridgeville | C.A. NO.:06-767 <br><br> Trial by Jury Demanded |

## CERTIFICATE OF SERVICE

I hereby certify that I have caused two (2) copies of the FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF Sherry McCane and FIRST REQUEST FOR DOCUMENTS DIRECTED TO PLAINTIFF Sherry McCane by DEFENDANTS to be served upon:

Martin D. Haverly, Esquire
Martin Duane Haverly, Attorney at Law
2 East 7th Street, Suite 302
Wilmington, DE 19801

By mailing copies to the address shown above, postage prepaid, on March __27__, 2007

LIGUORI, MORRIS & YIENGST

/s/ James E. Liguori
JAMES E. LIGUORI, ESQUIRE
46 The Green

Dover, DE  19901
(302) 678-9900
Bar ID 415
jel_lmy@msn.com
Attorney for Defendants

DATED: March 27, 2007